IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| CORREY JAMES RIDER | § | |
| | § | CIVIL ACTION NO. 6:22cv217 |
| VS. | | CRIM. NO. 6:18cr042-6 |
| | § | |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Movant Correy James Rider, a federal prisoner proceeding *pro se*, brings this motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255. The motion was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for disposition of the case.

For reasons explained below, the Court recommends that the motion be denied, the case be dismissed with prejudice, and the Movant be denied a certificate of appealability *sua sponte*.

**I. Procedural History and Factual Background**

The United States Court of Appeals for the Fifth Circuit briefly summarized the Movant's conviction as follows:

> Defendant-Appellant Correy James Rider was convicted of one count of conspiring to possess and distribute methamphetamine (Count One); one count of aiding and abetting in the knowing and intentional possession of methamphetamine with the intent to distribute (Count Three); one count of aiding and abetting in the knowing and intentional possession of methamphetamine with the intent to distribute (Count Twelve); and one count of aiding and abetting in the knowing and intentional possession of cocaine base with the intent to distribute (Count Thirteen). He was sentenced within the guidelines range to a total of 360 months of imprisonment and a total of five years of supervised release.

*United States v. Rider*, 850 F. App'x 332, (Mem)–333 (5th Cir. 2021) (affirming).

A more thorough recitation of the background of the Movant's case, which is supported by the record of the underlying criminal case and is not disputed by Movant, is found in the government's response and explains as follows:

> As part of a joint investigation between the FBI and the Texas Department of Public Safety, a controlled buy was set up using a confidential informant (CI) to purchase methamphetamine from Rider. Criminal ECF Doc. 478 at 5 (¶ 4). On September 27, 2017, the CI met Rider at a local carwash in Longview, Texas, for the purpose of buying methamphetamine and possibly a firearm. *Id*. Thereafter, they traveled to an Express Inn in Longview, where they met codefendant Shedonna Reyshonda Watkins. *Id*. Watkins placed a phone call to codefendant Ocie Demetrius Collier, who later arrived with 57 grams of methamphetamine and a handgun. *Id*. The CI purchased the methamphetamine from Rider and the 9mm handgun from Collier. *Id.*
>
> An additional CI had informed agents that codefendant Arcee McCulloch and Rider were selling crack cocaine from their room at the Palace Inn Hotel in Longview. *Id*. On January 29, 2018, a search warrant was obtained for room #201 at the Palace Inn. *Id*. Agents waited until Rider and McCulloch were both at the hotel and then executed the warrant. *Id*. at (¶ 9). Agents found marijuana, crack cocaine, and methamphetamine in the room, as well as some of Rider's personal property. *Id*. Rider and McCulloch were arrested, and more drugs were found on McCulloch's person. *Id*. at (¶¶ 13-15). Analysis of the substances seized from the hotel room revealed 46.249 grams of methamphetamine (actual) (93% pure), and 5.66 grams of crack cocaine. *Id*.
>
> On June 21, 2018, a grand jury returned a 20-count indictment against Rider and 11 codefendants. *Id*. at 5 (¶ 1). Rider was named in Counts One, Three, Twelve, and Thirteen. *Id*. Count One charged Rider with conspiracy, in violation of 21 U.S.C § 846. *Id*. Counts Three, Twelve, and Thirteen charged him with possession of a controlled substance and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. *Id*.
>
> Rider proceeded to trial and was found guilty on all four counts. *Id*. at (¶ 2). The presentence report held Rider responsible for 102.179 grams of methamphetamine and 5.66 grams of crack cocaine. *Id*. at 8 (¶ 23). This was the total quantity of drugs that Rider sold to the CI and were found by law enforcement during the search of his hotel room. Based on this quantity of drugs, the presentence report calculated a guideline sentencing range of 360 months to life imprisonment. *Id*. at 22. (¶ 88).

> The Court sentenced Rider to 360 months' imprisonment for Counts One, Three, and Twelve, and 240 months for Count Thirteen, all to be served concurrently. Criminal ECF Doc. 526 at 18.
>
> Rider filed a direct appeal, and on July 13, 2021, the United States Court of Appeals for the Fifth Circuit affirmed his conviction and sentence. Criminal ECF Doc. 550.

(Dkt. #5 at 1–3 (footnote omitted).)

Movant next filed the pending Section 2255 motion, and the government does not contest its timeliness.

## II. Movant's Claims

The Movant raises eleven grounds for relief:

1. Counsel was ineffective for failing to object to Movant's being sentenced based on drugs that were not attributed to him. (Dkt. #1 at 4.)

2. Counsel was ineffective for failing to present witness testimony that could have changed the outcome of the case. (*Id.* at 5.)

3. Counsel was ineffective for failing to request a buyer-seller jury instruction. (*Id.* at 7.)

4. Counsel was ineffective for failing to object to the verdict form. (*Id.* at 8.)

5. Counsel was ineffective for failing to object to jury instruction that only gave jury the option to find Movant guilty of possession with intent to distribute. (*Id*. at 14.)

6. Counsel was ineffective for agreeing with the prosecutor to edit exculpatory material from evidence video. (*Id.* at 16.)

7. Counsel was ineffective for failing to use bodycam video to rebut false witness testimony. (*Id.* at 18.)

8. The trial court erred in sentencing Movant based on incorrect information in the Presentence Report (PSR). (*Id.* at 20.)

9. The trial court erred in denying Movant's motion to acquit on counts 1, 3, 12, and 13. (*Id.* at 22.)

3

10. Movant was sentenced as a career offender based on a prior conviction that would not qualify him for that sentence enhancement now. (*Id.* at 24.)

11. Counsel was ineffective for failing to challenge the veracity of a search and arrest warrant application. (*Id.* at 26.)

### III. Legal Standards

Section 2255 is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). Section 2255 "provides relief for a petitioner who can establish that either (1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is subject to collateral attack." *U.S. v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1999) (citing *United States v. Faubion*, 19 F.3d 226, 232 (5th Cir. 1994)).

In other words, cognizable claims within a section 2255 motion are narrow; the movant may not present a generalized, broad attack challenging the legality of his or her conviction and, importantly, non-constitutional claims that could have been raised on direct appeal, but were not, may not be asserted in section 2255 proceedings—absent a showing of cause for the procedural default and actual prejudice ensuing from the error. *United States v. Shaid*, 936 F.2d 228, 232 (5th Cir. 1991); *see also Villasenor-Cruz v. United States*, 2017 WL 6627045 (E.D. Tex.—Sherman, Oct. 3, 2017) (same).

### IV. Discussion and Analysis

    A.    Trial Court Error Claims

In Claims 8, 9, and 10, Movant claims that the trial court erred in denying his motion to acquit on certain counts, sentencing him based on erroneous information in the PSR, and

sentencing him as a career offender based on a prior conviction that would not qualify for such a sentence today. The government asserts that all three claims were forfeited by Movant's failure to raise them on direct appeal. (Dkt. #5 at 12–13.)

The general rule is that Section 2255 does not reach errors not of a constitutional or jurisdictional magnitude that could have been raised on direct appeal. *United States v. Scruggs*, 691 F.3d 660, 666-67 (5th Cir. 2012); *Seyfert*, 67 F.3d at 546. Instead, Section 2255 provides recourse only for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Gobert*, 137 F.3d 315, 318 (5th Cir. 1998).

In this regard, the Fifth Circuit has explained that issues which could have been but were not raised on direct appeal are not cognizable on collateral review unless the movant shows cause and prejudice for the procedural default or a fundamental miscarriage of justice. *United States v. Lopez*, 248 F.3d 427, 433 (5th Cir. 2001); *United States v. Pierce*, 959 F.2d 1297, 1300-02 (5th Cir. 1992).

The Supreme Court has explained that attorney error short of constitutionally ineffective assistance of counsel does not constitute "cause" for a procedural default even if this default occurs on appeal rather than at trial; on the contrary, cause for a procedural default on appeal ordinarily requires a showing of some external impediment preventing counsel from constructing or raising the claim, while prejudice means that the error complained of, if left uncorrected, would result in a miscarriage of justice. *Murray v. Carrier*, 477 U.S. 478, 492 (1986); *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995).

A "fundamental miscarriage of justice" refers to the conviction of a person who is actually innocent. *United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993); *United States v. Sorrells*, 145

F.3d 744, 749 n.3 (5th Cir. 1998). A petitioner does not meet the threshold requirement of actual innocence unless he shows that in light of newly discovered evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *Schlup v. Delo*, 513 U.S. 298, 329 (1995). In *House v. Bell*, 547 U.S. 518, 538 (2006), the Supreme Court stated that examples of such "new reliable evidence" include exculpatory scientific evidence, credible declarations of guilt by another, trustworthy eyewitness accounts, or critical physical evidence which was not presented at trial. Thus, the actual innocence exception is limited to cases in which the petitioner shows, as a factual matter, that he did not commit the crime of conviction. *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999).

Movant does not raise any issue of actual innocence. He also acknowledges that he did not include these three claims in his direct appeal, but he asserts that they were not raised because he was "deprived of effective counsel" on appeal. (Dkt. #1 at 21, 23, 25; Dkt. #6 at 1–2.) And he correctly observes that the government has wholly failed to address that argument. Nevertheless, Movant fails to establish that his appellate counsel was constitutionally ineffective as required to establish cause for his default of these claims.

Appellate counsel's constitutional effectiveness is judged "under the same two-prong test of *Strickland v. Washington*, 466 U.S. 668 (1984)," which requires a showing that counsel's performance was objectively deficient and that the defendant was prejudiced by that performance. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). Part of the role of appellate counsel is to select the strongest claims to raise on appeal, and "[t]he Constitution does not require appellate counsel to raise every nonfrivolous ground that might be pressed on appeal." *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir. 1989) (citing *Jones v. Barnes*, 463 U.S. 745, 751 (1983)). To the contrary, "appellate counsel who files a merits brief need not (and should not) raise every nonfrivolous

claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Smith v. Robbins*, 528 U.S. 259, 288 (2000). It is "difficult" to establish that counsel was objectively deficient in making those selections. *Id.* To prevail on an ineffective–assistance claim regarding appellate counsel's conduct where "counsel files a merits brief, a defendant generally must show that 'a particular nonfrivolous issue was clearly stronger than issues counsel did present.'" *Dorsey v. Stephens*, 720 F.3d 309, 320 (5th Cir. 2013) (quoting *Smith v. Robbins*, 528 U.S. 259, 288 (2000)). "Proving that an unraised claim is clearly stronger than a claim that was raised is generally difficult because the comparative strength of two claims is usually debatable." *Makiel v. Butler*, 782 F.3d 882, 898 (7th Cir. 2015) (internal punctuation and citations omitted). There is a "strong presumption" that counsel "made all significant decisions in the exercise of reasonable professional judgment." *Neal v. Vannoy*, No. 22-70007, 2023 WL 5425588, at *11 (5th Cir. Aug. 23, 2023) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 196 (2011)).

Accordingly, a petitioner must do more than simply assert that appellate counsel was ineffective for failing to raise a claim, as Movant has done here, to overcome that presumption. "[M]ere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue." *Green v. Johnson*, 160 F.3d 1029, 1042–43 (5th Cir. 1998). Movant's appellate counsel filed a lengthy brief challenging the sufficiency of evidence to support his convictions on several counts as well as the two-level sentencing increase for possession of a firearm. Appellant's Brief, *United States of America v. Correy James Rider*, 2020 WL 7389820 (5th Cir. Dec. 7, 2020). Movant's simple repetition that he was "deprived of effective" counsel (Dkt. #1 at 21, 23, 25; Dkt. #6 at 1–2) is not supported by any facts or comparison of the relative strength of the claims in question opposed to that of the claims raised on direct appeal. This conclusory and insubstantial assertion is not sufficient to establish cause for

the default of Movant's trial error claims and does not warrant further hearing. *See Ellis*, 873 F.2d at 840 ("The court need not blindly accept speculative and inconcrete claims as the basis upon which to order a hearing." (Punctuation and citation omitted)).

    B.    Ineffective Assistance Claims

Federal claims of ineffective assistance of counsel are subject to the highly deferential two-prong standard of *Strickland v. Washington*, 466 U.S. 668 (1984), which asks: (1) whether counsel was deficient in representing the petitioner; and (2) whether counsel's alleged deficiency prejudiced the defense so as to deprive the petitioner of a fair trial. *Id.* at 687. To meet the first prong, a petitioner must establish that his attorney's representation "fell below an objective standard of reasonableness," and must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, [he] must overcome the presumption that . . . the challenged action 'might be considered sound trial strategy.'" *Id.* at 688–89. The "prejudice" component of the claim "focuses on the question of whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). Prejudice, under *Strickland*, requires showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

Movant claims in Claim 1 that trial counsel was ineffective for failing to object to the inclusion of drugs "not attributable to Mr. Rider" in the amount of drugs considered for sentencing. (Dkt #1 at 4.) He cites the following language in the verdict form as to count 3 and the same language (with regard to different drugs) as to counts 12 and 13:

> We, the jury, also unanimously find that the amount of the controlled substances attributable to the overall scope of the conspiracy, and that the defendant knew or

8

> reasonably should have known that the overall scope of the conspiracy involved, are as follows[: 50 grams or more of actual methamphetamine.].

(Dkt. #1 at 28–30.) Movant argues that he should have been sentenced only for drug amounts attributable to him personally rather than the conspiracy as a whole, and that counsel was ineffective for failing to make that argument. (*Id.* at 4.)

But, as the government correctly points out, the amount of drugs that determines a defendant's base level for sentencing "includes the drugs for which the defendant is directly responsible **and** the drugs that can be attributed to him in a conspiracy as relevant conduct." *United States v. Cooper*, 274 F.3d 230, 238 (5th Cir. 2001) (emphasis added). Accordingly, Movant's objection that there is "[n]o evidence that [he] personally possessed or distributed" the total amount of drugs in question (Dkt #1 at 4) is immaterial. Any objection by counsel on that point would therefore have been frivolous, and "failure to make a frivolous objection cannot constitute ineffective assistance of counsel." *United States v. Ayelotan*, No. 1:14CR33-HSO-BWR-1, 2023 WL 5420249, at *5 (S.D. Miss. Aug. 22, 2023) (citing *United States v. Preston*, 209 F.3d 783, 785 (5th Cir. 2000)). Movant is not entitled to relief on this claim.

Movant next asserts in Claim 2 that counsel was ineffective for failing to call co-defendant Ocie Collier as a witness at trial to testify that Movant did not set the price or terms for drug transactions or call Collier to bring drugs to the buy on the September 22, 2017. (Dkt. #1 at 5.) Movant attaches a petition for writ of habeas corpus ad testificandum filed by counsel prior to trial in which counsel sought the production of Mr. Collier from the Gregg County Jail to give testimony on Movant's behalf. (*Id.* at 31–32.) That petition was granted by the Court on November 1, 2019. (*Id.* at 34.)

Movant's claim fails for several reasons. First, counsel's petition to have Mr. Collier produced for trial establishes that counsel considered and analyzed Collier's potential testimony

9

and its likely impact on the outcome of the trial. If counsel chose not to call Callier as a witness after such consideration, that was a strategic decision that this Court should not second-guess in the absence of circumstances not presented here. *See United States ex rel. Walker v. Henderson*, 492 F.2d 1311, 1314 (2d Cir. 1974) ("[T]he decision to call or bypass particular witnesses is peculiarly a question of trial strategy . . . which courts will practically never second-guess.").

Further, "complaints of uncalled witnesses are not favored in federal habeas corpus review because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have stated are largely speculative." *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009) (citing *Bray v. Quarterman*, 265 Fed.Appx. 296, 298 (5th Cir. 2008)). To establish that failing to call a particular witness was ineffective, therefore, a petitioner must "demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense." *Id.* Movant in this case has not satisfied that test. Although the Court ordered Collier's production at trial, Movant has no evidence beyond his own speculation that Collier would have willingly testified on his behalf or that the testimony would have been favorable. Movant's description of Collier's potential testimony is not sufficiently detailed or supported to establish that counsel's judgment in deciding not to call Callier was objectively deficient or that calling him had any reasonable likelihood of leading to a different outcome. Movant is not entitled to relief on this claim.

In Claim 3, Movant alleges that counsel was ineffective for failing to request a buyer-seller jury instruction. (Dkt. #1 at 7.) He asserts that such an instruction "could have changed the outcome on conspiracy verdict," where there was "no evidence of sales on credit or consignment, pooling money together or payment of commission on sales." (*Id.*)

As the government correctly points out, the law does not support Movant's position. The Fifth Circuit has "consistently held that an adequate instruction on the law of conspiracy precludes the necessity of giving a buyer-seller instruction, even where the evidence supports the defense." *United States v. Mata*, 491 F.3d 237, 241–42 (5th Cir. 2007). Accordingly, where, as here, a proper instruction on conspiracy was given, Movant "was not entitled to a separate buyer-seller instruction and his trial counsel was not ineffective for failing to request such an instruction." *United States v. Smith*, No. CIV A 03-1020, 2009 WL 2461617, at *7 (W.D. La. Aug. 10, 2009). Movant is not entitled to relief on this claim.

Movant asserts in Claim 4 that counsel was ineffective for not objecting to the jury form that "only gave jury option of possession" for counts 3, 12, and 13. (Dkt. #1 at 8.) He relies on the verdict form pages for those counts and asserts that it "confused jury on what to find [him] guilty of" because it "only gave jury option of possession." (*Id.* at 8, 28–30.)

The basis of this claim is unclear to the Court. The verdict forms in question simply gave the jury the option of finding Movant guilty or not guilty on each count and asked it to set a drug amount only if they found him guilty. (Dkt. #1 at 28–30.) Movant does not explain how this simple choice was confusing to the jury or how it limited the jury's options, when a finding of not guilty was equally available. Movant is not entitled to relief on this claim.

Next, Movant claims in Claim 5 that counsel was ineffective for failing to object to jury instructions that only gave the jury the option of finding him guilty of possession with intent to distribute rather than aiding and abetting on counts 3, 12, and 13. (Dkt. #1 at 14.) But, as the government correctly observes, the Court did instruct the jury on aiding and abetting with respect to those counts. Criminal ECF No. 525 at 25–26. Moreover, Movant does not explain why instructing the jury on a second theory of potential guilt would have been beneficial to his defense,

11

even if it had been absent from the jury instructions. Movant is not entitled to relief on this claim.

In Claim 6, Movant asserts that counsel was ineffective for agreeing with the prosecution to edit exculpatory evidence out of the police video shown at trial. (Dkt #1 at 16.) He says that the original video of two hours and sixteen minutes was cut down to nine clips totaling around one hour for presentation to the jury. (*Id.*) He suggests that some of the unshown video would have been exculpatory and would have rebutted an unspecified government witness's false testimony about a prearranged agreement to distribute drugs. (*Id.*)

Movant does not identify with any degree of specificity what information on the video he believes would have been exculpatory. That alone prevents him from bearing his burden of demonstrating that agreeing to the redaction was objectively deficient performance by counsel or that it prejudiced Movant's defense. Moreover, the record establishes that counsel evaluated the content of the video and successfully moved to prevent certain prejudicial information therein, including Movant's references to previous criminal convictions, from being shown to the jury. Criminal ECF No. 522 at 4. Accordingly, the record strongly supports the presumption that any decisions made by counsel about the content of the video and its ability to hurt or benefit Movant's defense were the result of his professional evaluation and are not subject to second-guessing by this Court. Movant is not entitled to relief on this claim.

Movant asserts in Claim 7 that counsel was ineffective for failing to use bodycam video to impeach the testimony of one of the state's witnesses against him. (Dkt #1 at 18.) He says the bodycam video shows a government witness's first statement before she later provided false testimony. (*Id.*) But Movant does not identify the witness in question, describe her testimony, or describe the statement from the bodycam video that would allegedly have rebutted it. His conclusory allegation is not sufficient to overcome the presumption that counsel's decision about

12

what evidence to use or highlight at trial was within the realm of acceptable professional judgment. Movant is not entitled to relief on this claim.

In Claim 11, Movant asserts that counsel was ineffective for failing to challenge the veracity of the search and arrest warrant application for January 29, 2018. (Dkt. #1 at 26.) Movant asserts that the hotel room searched was not rented to him, he was not present in the room when it was searched, and counsel "would not challenge the search and arrest warrant . . . unless [Movant] stated that the hotel room belonged to him." (*Id.*) But, as the government points out, there was evidence from a confidential informant that Movant was selling drugs out of the hotel room. (Dkt. #5 at 12.) Movant does not explain the factual or legal basis on which counsel should have challenged the warrant. Nor does he address the likelihood that the Court would have sustained such a challenge or that it would have resulted in the suppression of any evidence against Movant. Again, Movant does not carry the burden of establishing that counsel's performance was objectively deficient or that Movant was prejudiced as a result. He is not entitled to relief on this claim.

**V. Conclusion**

For the reasons explained above, every claim raised in the motion is either without merit or barred from review in this case. Accordingly, Movant's section 2255 motion should be denied and this case dismissed with prejudice.

**VI. Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a Section 2255 proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, the Court may address whether he would be entitled to a certificate of appealability (COA). *See Alexander v. Johnson*,

211 F.3d 895, 898 (5th Cir. 2000) (explaining that a district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a [movant] relief is in the best position to determine whether the [movant] has made a substantial showing of a denial of a constitutional right on the issues before the court.").

A COA may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the movant need only show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Supreme Court recently emphasized that the COA inquiry "is not coextensive with merits analysis" and "should be decided without 'full consideration of the factual or legal bases adduced in support of the claims.'" *Buck v. Davis*, 580 U.S. 100, 115 (2017) (quoting *Miller-El*, 537 U.S. at 336). Moreover, "[w]hen the district court denied relief on procedural grounds, the [movant] seeking a COA must further show that 'jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rhoades v. Davis*, 852 F.3d 422, 427 (5th Cir. 2017) (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012)).

Here, jurists of reason could not disagree with the recommended outcome. Accordingly, the Movant is not entitled to a COA.

## RECOMMENDATION

It is therefore recommended that the above-styled section 2255 motion be denied, the case be dismissed with prejudice, and that Movant be denied a COA *sua sponte*.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 25th day of September, 2023.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE